UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-NC2, ASSET BACKED PASS-THROUGH CERTIFICATES,<br><br>        Plaintiff<br><br>v.<br><br>FIDELITY NATIONAL TITLE GROUP, INC.; CHICAGO TITLE INSURANCE COMPANY; and TICOR TITLE OF NEVADA, INC.,<br><br>        Defendants | Case No.: 2:21-cv-01300-APG-NJK<br><br>**Order Granting Motion to Remand and Denying Motion for Attorneys' Fees**<br><br>[ECF Nos. 10, 11] |

Defendant Chicago Title Insurance Company removed this case to this court before any defendant was served with process. Plaintiff HSBC Bank USA, N.A. moves to remand the case to state court, claiming that removal is barred by the forum defendant rule of 28 U.S.C. § 1441(b)(2). The forum defendant rule bars removal based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The issue presented is whether a non-forum defendant may remove a case before any defendant was served, when one of the defendants is a citizen of the forum state. Because removal of this case was premature, I grant the motion and remand to case. I deny HSBC's motion for attorneys' fees.

HSBC filed this action in state court on July 8, 2021.  It sued Fidelity National Title Group, Inc., Chicago Title, Ticor Title of Nevada, Inc. (Ticor), and various Doe Defendants. Ticor is the only defendant that is or was a Nevada entity. ECF No. 1-1 at 3.

The same day the complaint was filed, Chicago Title removed the case to this court. Obviously, none of the defendants had been served when the case was removed.  This tactic of removing a diversity case before a forum defendant has been served is termed a "snap removal." The goal is to avoid the bar against removal that exists when any defendant "properly joined and served" is a forum defendant. 28 U.S.C. § 1441(b)(2).  HSBC argues that removal was improper because Ticor is a forum defendant and Chicago Title's snap removal violated § 1441(b)(2). Chicago Title responds that Ticor was fraudulently joined as a party, so it must be ignored for diversity purposes, and the fact it had not been served does not preclude removal.

**ANALYSIS**

"Federal courts are courts of limited jurisdiction. . . .  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (simplified).  This burden on a removing defendant is especially heavy because "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* at 773-74 (simplified); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citation omitted).

**A. Ticor was not fraudulently joined.**

Chicago Title argues I should ignore Ticor for removal purposes because HSBC cannot maintain any claims against Ticor.  Specifically, Chicago Title contends that Ticor has no

contractual or legal obligation to indemnify HSBC under the subject insurance policy, and that HSBC's claims against Ticor are time-barred. HSBC responds that its claims and allegations against Ticor go beyond the policy and were timely filed.

"[U]nder the fraudulent-joinder doctrine, joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (simplified). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted).

HSBC's complaint asserts potentially valid claims against Ticor. Chicago Title focuses on the obligations under the title policy, but it ignores HSBC's non-contractual claims and allegations regarding Ticor's alleged breach of contract, misrepresentations, and violations of Nevada statutes. HSBC alleges that its predecessor-in-interest contracted with Ticor to obtain a title policy, but that Ticor breached that contract by not providing the proper coverage, and misrepresented that the policy it provided would cover losses ultimately caused by the lien that gave rise to this dispute. ECF No. 1-1 ¶¶ 73, 106, 135, 146-50, 174-77. HSBC also brings a deceptive trade practices claim against Ticor for "misrepresenting the quality and characteristics of the [p]olicy furnished to HSBC Bank's predecessor and making false representations" regarding the policy Ticor was engaged to provide. *Id.* ¶¶ 155-68.

Chicago Title also argues that HSBC's claims against Ticor are time-barred by the applicable statutes of limitation. HSBC responds that the limitation period on its claims did not start to run until after either the underlying state court litigation concluded or HSBC discovered

the relevant "internal guides and manuals that concede coverage." ECF No. 34 at 11-12.  Thus, it argues, its claims are timely.  At this point, HSBC has credible arguments that its claims against Ticor are not time-barred, so its claims do not obviously fail under Nevada law. *Weeping Hollow*, 831 F.3d at 1113.

Chicago Title has not shown by clear and convincing evidence that HSBC's claims against Ticor obviously fail under Nevada law.  Ticor was not fraudulently joined as a defendant in this case.  Because it is a forum defendant, § 1441(b)(2) applies.

**B.  Chicago Title's snap removal was improper under 28 U.S.C. § 1441(b)(2).**

Chicago Title contends that, even if Ticor is a legitimate defendant, § 1441(b)(2) is not a bar to removal because Ticor had not been "properly joined and served" at the time of removal as required under that statute.  HSBC responds that snap removals like this violate the purpose of § 1441(b)(2), which is to preserve a plaintiff's choice of a state court forum by suing a proper forum defendant.  The question is thus whether a non-forum defendant is permitted to remove a diversity case before any defendants have been served.

I have previously ruled that the language of § 1441(b)(2) and the purposes underlying it are better served by disallowing removal before any defendant is served. *See*, *e.g.*, *HSBC Bank USA, Nat'l Ass'n as Tr. for People's Choice Home Loan Sec. Tr. Series 2005-2 v. Old Republic Nat'l Ins. Grp., Inc.*, No. 2:20-cv-01838-APG-VCF, 2020 WL 7360679, at *2-3 (D. Nev. Dec. 15, 2020); *Wells Fargo Bank, N.A., as Tr. of Holders of Harborview Mortg. Loan Tr. Mortg. Loan Pass-Through Certificates, Series 2006-12 v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-cv-01849-APG-NJK, 2020 WL 7388621, at *2-3 (D. Nev. Dec. 15, 2020).  Chicago Title's latest arguments in favor of snap removal do not move me to change my opinion.

Chicago Title's removal was premature because no defendant had been served. As a result, I must remand the case to state court. I deny HSBC's motion for attorneys' fees because, while removal was improper it was not frivolous or objectively unreasonable. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

**CONCLUSION**

I THEREFORE ORDER that HSBC's motion to remand **(ECF No. 10) is GRANTED** and its motion for attorneys' fees **(ECF No. 11) is DENIED**. This case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED this 30th day of March, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE